```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Mary Catherine McKay,        :

       Plaintiff,         :         Case No. 2:14-cv-1061

    v.                           :

Commissioner of
Social Security,             :         JUDGE EDMUND A. SARGUS
                                                               Magistrate Judge Kemp

       Defendant.         :

## REPORT AND RECOMMENDATION

     On August 1, 2014, the Court received an application to proceed _in forma pauperis_ and a complaint from plaintiff, Mary Catherine McKay, who seeks to have the Court review the defendant's decision to deny her application for disability benefits. For the following reasons, it will be recommended that Ms. McKay's motion for leave to proceed _in forma pauperis_ be denied.

     Ms. McKay's application to proceed _in forma pauperis_ shows that she receives a substantial monthly life annuity payment and that she has no dependents. It also lists assets including real property and accounts, the value of which, taken together, appears to exceed $130,000.00. The list of creditors is modest and indicates that Ms. McKay has a positive monthly cash flow in addition to her substantial assets.

     The legal standard for being permitted to proceed _in forma pauperis_ under 28 U.S.C. §1915(a) is set forth in _Adkins v. E.I. DuPont de Nemours Co._, 335 U.S. 331, 339 (1948). In _Adkins_, the Supreme Court indicated that an affidavit of poverty under that statutory section was sufficient if it stated that the plaintiff could not pay the filing fee without depriving herself or her

dependents of the necessities of life.  Id.  Although total destitution is not required to proceed in forma pauperis, paying the filing fee must be more than a mere hardship.  Martin v. Gulf States Utilities Co., 221 F. Supp. 757, 759 (W.D. La. 1963).  Consequently, in forma pauperis status cannot be granted unless it is apparent that the "one-time payment of $150.00 [now $400.00] will render [the plaintiff] unable to provide for herself and her dependents."  Bright v. Hickman, 96 F. Supp.2d 572, 575 (E.D. Tex. 2000).

In this case, it appears that Ms. McKay has sufficient monthly income and assets to afford a one-time $400.00 filing fee without being deprived of the necessities of life.  Consequently, it is recommended that the motion to proceed in forma pauperis (Doc. 1) be denied and in that order provide that if Ms. McKay wishes this case to proceed, she must remit the $400.00 filing fee within 30 days.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report and Recommendation, file written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objections(s).  28 U.S.C. §636(b)(1);  F.R.Civ.P. 72(b).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  28 U.S.C. §636(b)(1).  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  Id.  The parties are

specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985);  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P Kemp
United States Magistrate Judge